IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HAROLD FLORAN, | : |
| Plaintiff, | : |
| | : Case No. 7:24-cv-00077-WLS-TQL |
| v. | : |
| IRWIN COUNTY DETENTION CENTER, | : |
| | : Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : Before the U. S. Magistrate Judge |

# ORDER

*Pro se* Plaintiff Harold Floran, an inmate at the Irwin County Detention Center in Valdosta, Georgia, has filed a complaint for violation of civil rights. ECF No. 1. Plaintiff has also filed a document titled "resident transaction details" (ECF No. 2) and a motion to appoint an attorney (ECF No. 4). To any extent that Plaintiff's filing of the "resident transaction details" may be an attempt to proceed without prepayment of the filing fee, his submission of an uncertified account statement is wholly insufficient to do so. A prisoner seeking to proceed *in forma pauperis* must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Here, Plaintiff has failed to submit either. Thus, Plaintiff must, within **FOURTEEN (14) DAYS** from the date of this order, pay the $405 filing fee or if indigent, file a motion to proceed *in forma pauperis* along with a certified account statement signed by a corrections official that includes a

copy of his prison trust fund account statement for the preceding six months.

## MOTION FOR AN APPOINTED ATTORNEY

Plaintiff has motioned this Court to appoint him an attorney. ECF No. 4. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint following the format and style of the Court's standard form and setting forth essential factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present his allegations to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid

---

1 The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

2

prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for an appointed attorney (ECF No. 4) is **DENIED**. Plaintiff is **ORDERED** to pay the $405 filing fee or if indigent, submit an application to proceed *in forma pauperis* that includes a certified copy of his inmate trust fund account signed by a corrections official within **FOURTEEN (14) DAYS** from the date of this Order. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**

The Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the Court's standard *in forma pauperis* application for use by prisoners along with the account certification form with the above civil case number printed there upon.

There will be no service of process in this case upon any Defendant until further order of the Court.

**SO ORDERED, and DIRECTED**, this 21st day of August, 2024.

s/ Thomas Q. Langstaff
United States Magistrate Judge

3