**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **HAROLD FLORAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 7:24-cv-00077-WLS-TQL** |
| **v.** | : | |
| | : | |
| **IRWIN COUNTY DETENTION** | : | |
| **CENTER,** | : | |
| | : | **Proceedings Before the** |
| **Defendant.** | : | **U. S. Magistrate Judge** |
| | : | |

## ORDER AND RECOMMENDATION

Pro se Plaintiff Harold Floran, an inmate at the Irwin County Detention Center in Ocilla, Georgia, has filed a civil rights complaint. ECF No. 1. Plaintiff requested leave to proceed *in forma pauperis*. ECF No. 6. Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to pay a partial initial filing fee. ECF No. 7. Plaintiff has paid that fee. Plaintiff has also filed a motion to amend his complaint. ECF No. 8. Plaintiff's motion to amend his complaint is **GRANTED**. Plaintiff's complaint (ECF No. 1) and amendment to his complaint (ECF No. 8) are now ripe for preliminary review. As discussed below, it is **RECOMMENDED** that this civil action be **DISMISSED** for failure to state a claim upon which relief may be granted.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the

2

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

To potentially state a claim for relief under *Bivens*, a plaintiff must allege that a federal actor, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971); *Powell v. Lennon*, 914 F.2d 1459, 1462–63 (11th Cir. 1990) (stating that "[t]he Supreme Court has recognized that victims of constitutional violations committed by federal officials have a cause of action against those officials"). "[A]s a general matter federal courts incorporate § 1983 law into *Bivens* actions." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam).

II.     <u>Factual Allegations</u>

Plaintiff's claims arise from his incarceration at the Irwin County Detention Center.

ECF No. 1 at 4.  Plaintiff states that he has been suffering from severe dental pain since October 2023 and that he has been denied treatment "because medical keeps telling [him] that the marshalls (sic) have not paid the bill."  *Id*.  Plaintiff adds that on August 16, 2024, he was informed that he "is suffering from a gum disease that could have been prevented with timely treatment" and "all of his teeth will now need to be extracted."  ECF No. 8 at 1.  Plaintiff "is now restricted to a diet of soft foods due to the advancing gum disease."  *Id*.  Plaintiff claims that the "aforementioned circumstances are attributable to the gross negligence exhibited by the medical staff at Irwin County Detention Center."  *Id*. at 2. Plaintiff requests $5,000,000 in damages.  *Id*. at 1.

   III.   Plaintiff's Claims

Plaintiff has presented his complaint as a civil rights action under 42 U.S.C. § 1983. ECF No. 1 at 3.  However, Plaintiff's claim for deliberate indifference to his serious medical needs arises from his time as an inmate at the Irwin County Detention Center. ECF No. 1; ECF No. 8.  The "Irwin County Detention Center is a federally contracted and privately managed detention facility, operated by LaSalle Corrections."  *Whited v. Gaines*, No. 7:24-cv-11-LAG-TQL, 2024 WL 3463404, at *2 (M.D. Ga. June 17, 2024).  Plaintiff alleges that his lack of dental care is "attributable to the gross negligence exhibited by the medical staff at Irwin County Detention Center."  ECF No. 8 at 2.  As such, the defendants "more closely align with federal actors" and their liability for violation of Plaintiff's constitutional rights, if any, would arise under *Bivens* and not under § 1983.  *Whited*, 2024 WL 3463404, at 2.

4

"[I]n *Bivens*, the Supreme Court created for the first time an implied private right of action for damages against federal agents, at least for a violation of the Fourth Amendment." *Johnson v. Terry*, 119 F.4th 840, 847 (11th Cir. 2024) (citing *Bivens*, 403 U.S. at 397). "In the decade after *Bivens*, the Court created two more causes of action for violations of constitutional rights by federal officials." *Id.* First, in *Davis v. Passman*, the Supreme Court recognized a cause of action for sex discrimination under the Fifth Amendment. 442 U.S. 228, 230-31 (1979). Second, in *Carlson v. Green*, the Supreme Court held that the representative of a deceased federal inmate's estate has a remedy under *Bivens* in an action against federal prison officials alleging that the inmate suffered an asthma attack and died because of the officials' violation of the Eighth Amendment's prohibition against cruel and unusual punishment. 446 U.S. 14, 16 & n.1, 18 (1980). "In the 44 years since *Carlson*, the Supreme Court has over and over again 'refused to extend *Bivens* to any new context or new category of defendants.'" *Johnson*, 119 F.4th at 847 (citations omitted). Additionally, "[t]he Supreme Court has decided that 'in all but the most unusual circumstances,' [the lower courts] should not use *Bivens* to recognize new constitutional-claim causes of action for damages against federal officials." *Id*. at 843 (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022)).

The Court must engage in a "two-step analysis" to determine if a new *Bivens* claim can be recognized. *Id*. at 851. First, it must "ask whether the case presents a new *Bivens* context — i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Id*. (quotation marks and citation omitted). If the answer to

this question is yes, the second step is asking whether "there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotation marks and citation omitted). If so, a remedy under *Bivens* is not available. *Id.* at 852.

Looking at the first step in the analysis, the Court determines that Plaintiff's claim presents a new *Bivens* context for several reasons. Plaintiff's claim for deliberate indifference to his serious medical needs arises under the Due Process Clause of the Fifth Amendment. *Johnson*, 119 F.4th at 852. The most analogous of the three Supreme Court cases is *Carlson*, in which the deceased prisoner's estate raised an Eighth Amendment deliberate indifference claim following the prisoner's death from an asthma attack. 446 U.S. at 17-23. The Eleventh Circuit recently found that deliberate indifference to serious medical needs claims arising under the Fifth Amendment "present a new context" from those arising under the Eighth Amendment, which were recognized previously in *Carlson*. *Johnson*, 119 F4th at 857. The fact that Plaintiff's claim is "predicated on a different constitutional right than the one in *Carlson* (Fifth Amendment instead of Eighth Amendment) . . . is enough for the claim to present a new context. . . . And that is so even though the same analysis applies to deliberate indifference claims under both amendments." *Id.* at 857-58 (citations omitted).

Additionally, "the context of [Plaintiff's claims] is different from the context of the claim in *Carlson* because there the Court did not consider whether there were alternative remedies under the current alternative remedy analysis." *Id.* at 858 (citing *Ziglar v. Abbasi*,

6

582 U.S. 120, 148 (2017)). Finally, "the injury in this case is different from the one in *Carlson*." *Id*. at 859.   In *Carlson*, the prisoner died from an asthma attack while Plaintiff has suffered pain and discomfort from an infected tooth and advanced gum disease.  ECF No. 1; ECF No. 8; *Johnson*, 119 F.4th at 859. (citing *Carlson*, 446 U.S. at 16 & n.1).

"Because [Plaintiff's] . . . deliberate indifference to serious medical needs claim[] arise[s] in a new context, the next step — stage two — is determining whether there are any special factors that would cause [the Court] to hesitate before extending *Bivens* to those new contexts." *Johnson*, 114 F.4th at 859.   In *Johnson*, the Eleventh Circuit found that the existence of an alternative remedial structure—the Bureau of Prison's administrative remedy program—was the "notable special factor" that counseled against extending *Bivens*.  *Id*.   The Eleventh Circuit held that there is no need for a remedy under *Bivens* because there is "a remedial process in place that is intended to redress the kind of harm faced by those like the plaintiff." *Id*. at 860.

In this case, there are several alternative remedies available to Plaintiff.  First, there is an administrative grievance process in place.  ECF No. 1-2.  Indeed, Plaintiff has attached to his complaint multiple grievances he has submitted at Irwin County Detention Center as to his dental pain as well as other issues.  *Id*.  It appears that all grievances regarding Plaintiff's dental pain were closed with an indication that his grievances were forwarded to "the proper department", to "medical", or to the "medical grievance department".  *See id*.  Plaintiff has further included with his complaint multiple "Medical Sick Call" requests in which he alerts administration as to his worsening dental issues.   ECF No. 1-1.

7

Nevertheless, according to binding caselaw, "it does not matter whether [the Court] think[s] the administrative remedy program adequately addressed [Plaintiff's] complaints." *Johnson*, 119 F.4th at 860.  In fact, the Court is forbidden to "look at the adequacy or efficacy of the alternative remedy in general or in relation to a specific plaintiff."  *Id*.  All that matters is "whether there is a remedial process in place that is intended to redress the kind of harm faced by those like the plaintiff."  *Id*.   In this case, such a remedial process is in place and, therefore, the Court cannot imply an action under *Bivens*.

Additionally, this action cannot proceed under *Bivens* because "state tort law authorizes adequate alternative damages actions—actions that provide both significant deterrence and compensation."  *Minneci v. Pollard*, 565 U.S. 118, 120 (2012).  In *Minneci*, a federal prisoner confined in "a federal facility operated by a private company," filed a *Bivens* action alleging that employees at the facility deprived him of adequate medical care. *Id*. at 121.  The Supreme Court "found specific authority indicating that state law [including Georgia] imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located."  *Id*. at 128 (citing, *inter alia Thomas v. Williams*, 24 S.E.2d 409, 412–413 (Ga. App. 1962)).  Thus, under binding Supreme Court precedent, the Court cannot imply a damages remedy under *Bivens* because Plaintiff can seek damages under State of Georgia tort law.

For these reasons, it is **RECOMMENDED** that Plaintiff's Fifth Amendment deliberate indifference to serious medical needs claim brought under *Bivens* be

**DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 21st day of November, 2024.

s/*Thomas Q. Langstaff*
United States Magistrate Judge

9