**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| HAROLD FLORAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:24-CV-00077 (WLS-ALS) |
| | : | |
| IRWIN COUNTY DETENTION CENTER, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## **ORDER**

Before the Court is an Order and Recommendation (Doc. 9) ("the Recommendation") from now-retired United States Magistrate Judge Thomas Q. Langstaff. For the reasons discussed herein, the Recommendation is **REJECTED**. The Recommendation is **REMANDED** to United States Magistrate Judge Alfreda L. Sheppard for further proceedings consistent with this Order.

## I.    RELEVANT BACKGROUND

Plaintiff, proceeding pro se, filed the above-captioned action on August 5, 2024. (*See* Doc. 1). The Court granted Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 6) in an Order (Doc. 7) entered on September 13, 2024. On November 21, 2024, Judge Langstaff entered the Recommendation at bar which conducted a preliminary screening under 28 U.S.C. §§ 1915(a) and 1915(e). (*See generally* Doc. 9). In the Recommendation, Judge Langstaff recommends that the action be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 8–9). The Recommendation and 28 U.S.C. § 636(b)(1) provided the Parties with fourteen days to file an objection. (*See id.* at 9). The fourteen days have elapsed with no objection filed.

## II.    LAW & ANALYSIS

In the absence of objections, the Court reviews a U.S. Magistrate Judge's recommendation for plain error and manifest injustice. *See United States v. Aponte*, 461 F. App'x

1

828, 830 n.2 (11th Cir. 2012). A district "court may accept, reject, or modify . . . the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court finds that the Recommendation plainly errs because it improperly considered materials outside of the pleadings.

Judge Langstaff recommends that Plaintiff's Complaint (Doc. 1) be dismissed because the Court should decline to imply a damages remedy under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics* ("*Bivens*"). 403 U.S. 388 (1971). Yet Plaintiff does not assert a *Bivens* claim. (*See* Doc. 1 at 3). Rather, upon the allegations, Plaintiff asserts a suit against "State or local officials" under § 1983. Even so, the Recommendation finds that Defendant "'Irwin County Detention Center is a federally contracted and privately managed detention facility, operated by LaSalle Corrections.' . . . As such, the defendants 'more closely align with federal actors' and their liability for violation of Plaintiff's constitutional rights, if any, would arise under *Bivens* and not under § 1983." (Doc. 9 at 4) (citations omitted) (quoting *Whited v. Gaines*, No. 7:24-cv-00011-LAG-TQL, 2024 WL 3463404, at *2 (M.D. Ga. June 17, 2024), *report and recommendation adopted*, 2024 WL 3463404 (M.D. Ga. June 17, 2024)).

When conducting a preliminary screening under § 1915A, a district court must "tak[e] all the allegations in the complaint as true." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)), *abrogated in part on other grounds by Smart v. England*, 93 F.4th 1283 (11th Cir. 2024). A screening court may also take judicial notice under Fed. R. Evid. 201 of a document, provided that its authenticity is unchallenged and that document is central to Plaintiff's claim. *Menut v. Fla. Comm'n on Offender Rev.*, 754 F. App'x 809, 811 n.2 (11th Cir. 2018) (citing *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015)).

Here, the Court finds that the Recommendation plainly errs by making, essentially, a factual finding regarding the status of Irwin County Detention Center ("ICDC") as a federal facility. In making this finding, the Recommendation improperly relies upon a previous recommendation by Judge Langstaff. In *Whited*, Judge Langstaff appears to have judicially noticed the LaSalle Corrections website which described the status of ICDC as a federal facility. *Whited*, 2024 WL 3463404, at *2 (citing https://lasallecorrections.com/locations-irwin-county-detention-center). Based on this website, Judge Langstaff similarly construed a

2

Plaintiff's Complaint under § 1983 as a *Bivens* claim. *See id.* However, the link relied upon in *Whited* leads to a now-defunct page of the LaSalle Corrections website— leaving the Court in no position to evaluate whether the authenticity of the website could reasonably be challenged, or whether the assertions of fact on the website could be so conclusive of ICDC's status as a *solely* federal facility that the website should be dispositive in evaluating the sufficiency of Plaintiff's claim.[1]

As such, the Court finds that the Recommendation's reliance on *Whited* was plain error. Error which prevented any evaluation of the sufficiency of Plaintiff's allegations under § 1983. Accordingly, the Court remands the case to the U.S. Magistrate Judge for further screening of the Complaint (Doc. 1), consistent with the standard of review prescribed for screening under § 1915A.[2] The primary question from the Court's perspective is whether it can be concluded upon the pleadings that Plaintiff's claim is a *Bivens* claim or whether further factual development or pleading is required.

## III.   CONCLUSION

For the reasons discussed above, the Recommendation (Doc. 9) is **REJECTED**. The Recommendation is **REMANDED** to United States Magistrate Judge Alfreda L. Sheppard for further proceedings consistent with this Order.

**SO ORDERED**, this 14th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Indeed, from the undersigned's experience, the contractual relationship between ICDC and state and federal governments has been persistently complex and, in recent years, in considerable flux.

[2] To be clear, the Court makes no finding as to the sufficiency of Plaintiff's allegations under § 1983 or *Bivens*.

3