**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

HAROLD FLORAN,                          :
                                        :
                    **Plaintiff,**      :
                                        :       **Case No. 7:24-cv-00077-WLS-TQL**
          v.                            :
                                        :
IRWIN COUNTY DETENTION                  :
CENTER,                                 :
                                        :       **Proceedings Before the**
                    **Defendant.**      :       **U. S. Magistrate Judge**
                                        :

_____

**ORDER**

Following a preliminary screening pursuant to 28 U.S.C §§ 1915(a) and 1915(e), now-retired United States Magistrate Judge Thomas Q. Langstaff issued an Order & Recommendation ("the Recommendation") dated November 21, 2024 that recommended Plaintiff's civil action be dismissed for failure to state a claim.  ECF No. 9.  Neither Plaintiff nor Defendant filed an objection to the Recommendation. Even without an objection, the district court is required to review the Recommendation for "plain error and manifest injustice".  ECF No. 10.  Upon review, the district court remanded this civil action to the undersigned for further review, finding "that the Recommendation plainly errs because it improperly considered materials outside of the pleadings."  *Id*.

Plaintiff utilized a general form for civil rights complaints to raise his claims.  ECF No. 1.  When asked in question IIA of that form whether he is bringing those claims against state or federal officials, Plaintiff clearly marked the box indicating that his claims were brought against state officials pursuant to 42 U.S.C § 1983 ("§ 1983").  *Id*. at 3.

Moreover, in question IIB, when asked to identify the "federal constitutional or statutory right(s) being violated by *state or local officials*", Plaintiff responded "Dental Assistant". *Id*. However, he later in the same general form indicates that he is also bringing claims regarding his dental care against federal officials under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388 (1971). In question IIC, Plaintiff was asked to identify the constitutional right(s) being violated by *federal officials*. Plaintiff similarly responded by saying, "Dental". *Id* at 4. Plaintiff further complains in an attached grievance that his dental care may have been delayed because a "marshall didn't pay the bill." ECF No. 1-2 at 14. Nowhere in Plaintiff's complaint or its attachments does Plaintiff indicate how his named Defendant, Irwin County Detention Center, is a state actor for § 1983 purposes or a federal actor for *Bivens* purposes. *See* ECF No. 1.

Thus, upon further review, this Court finds that Plaintiff must recast his complaint for the Court to determine whether Plaintiff is filing his claims pursuant to § 1983 or *Bivens* or whether he wishes to bring claims under both provisions.

To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389. To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v.*

*Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Thus, in recasting his claims, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in his civil action.   If Plaintiff is asserting a *Bivens* claim, then he must make clear to the Court how his named Defendant was a **federal actor**. If Plaintiff is asserting a § 1983 claim, then he must make clear to the Court how his named Defendant was a **state actor**.   And if pursing both a *Bivens* and § 1983 claim, then Plaintiff must demonstrate to the Court how the Defendant(s) acted under federal and state authority.

It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    What did this Defendant do (or not do) to violate your rights?   In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?   If not, how did his/her actions otherwise cause the unconstitutional action?   How do you know?

(3)    When and where did each action occur (to the extent memory allows)?

(4)    How were you injured because of this Defendant's actions or inactions?

(5)    What permissible relief do you seek from this Defendant?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint.   *See Lowery*

*v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted).; *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading).   Thus, Plaintiff's amended complaint will take the place of his original complaint.   In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim so Plaintiff should take care to include all relevant factual allegations for any claims that he wishes to raise in his recast complaint.

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named Defendants in this case.   *See* Fed. R. Civ. P. 8.   However, if Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.   ***The complaint must be no longer than ten (10) pages in its entirety.*** Plaintiff is not to include any exhibits or attachments.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint as instructed.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**   There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the standard United

4

States Court "Complaint for Violation of Civil Rights (Prisoner Complaint)" form for his

use in complying with this Order.

 **SO ORDERED**, this 27th day of March, 2025.

 s/ ***ALFREDA L. SHEPPARD***
 UNITED STATES MAGISTRATE JUDGE