IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**HAROLD FLORAN,** :
:
**Plaintiff,** :
: Case No. 7:24-cv-00077-WLS-ALS
v. :
:
**IRWIN COUNTY DETENTION** :
**CENTER,** :
:
**Defendant.** :
:

**ORDER**

*Pro se* Plaintiff Harold Floran filed a civil rights complaint while he was an inmate in the Irwin County Detention Center in Ocilla, Georgia. ECF No. 1. On March 27, 2025, the Court ordered Plaintiff to recast his complaint and provided instructions on how to do so. ECF No. 11. Plaintiff was given fourteen (14) days to comply with the Court's Order and was advised that failure to do so could result in a dismissal of this civil action. *Id.* Plaintiff failed to respond.

Therefore, on April 28, 2025, the Court notified Plaintiff that it had not received a response to the Court's order and Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with an order of the Court. ECF No. 13. The Court specifically informed Plaintiff that this action would be dismissed if he failed to respond or otherwise submit his recast complaint. *Id.* Plaintiff was given fourteen (14) days to respond. *Id.* Plaintiff has again failed to respond.

Moreover, mail sent to the Plaintiff has been returned to the Court indicating that

Plaintiff is no longer housed at the Irwin County Detention Center. *See* ECF Nos. 12 and 14. Plaintiff was previously instructed that he must immediately inform the Court in writing of any change in his mailing address. *See* ECF No. 5 at 3; ECF No. 7 at 4; ECF No. 11 at 4. Plaintiff has failed to notify the Court of his current address.

Due to Plaintiff's failure to follow the Court's Orders, failure to keep the Court informed of his address, and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 20th day of May 2025.

/s/ W. Louis Sands_____
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT